

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
DAVID CALTON individually and on
behalf of a class,

                    Plaintiffs,        COMPLAINT – CLASS ACTION

        v.

PRESSLER & PRESSLER, LLP and
PALISADES COLLECTION, LLC,

                    Defendants.
-----------------------------------------------X
```

10 CIV 2117

JUDGE McKENNA

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Pressler & Pressler, LLP and Palisades Collection, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendants filed a lawsuit within this District in order to collect the debt that gives rise to this action;

    b. Defendants do business within this District.

5. Plaintiff, David Calton, is an individual who resides at 27233 Nantucket Drive, Southfield, Michigan 48076.

6. Defendant, Palisades Collection, LLC, is a limited liability corporation chartered under Delaware law. Its registered agent is the CT Corporation System, 111 8th Avenue, New York, New York 10011.

7. Defendant Pressler & Pressler, LLP is a Foreign Registered Limited Liability Partnership with an address of 16 Wing Drive, Cedar Knolls, New Jersey 07927.

8. Defendants are both engaged in the business of a collection agency, collecting debts allegedly owed to others.

9. Defendants are both debt collectors as defined in the FDCPA.

## FACTS

10. On or about February 18, 2010 plaintiff's Michigan bank account was frozen as a result of Defendants' serving the bank with a restraining notice.

11. The alleged debt sought to be collected was a debt incurred for personal, family or household purposes, namely a cell phone bill for personal calls.

12. The restraining notice was served in connection with efforts to enforce a judgment obtained against plaintiff in an action brought by Palisades Collection, LLC, index number is 48954-05 in the Civil Court of the City of New York.

13. Upon information and belief, the debt became due prior to February 10, 2003.

14. There were no further payments made by plaintiff.

15. Defendants commenced a lawsuit more than 2 years after plaintiff made his last payment.

16. Defendants have frozen at least 100 out of state bank accounts in the past 12 months as a result of obtaining judgments and/or defendants have frozen at least 100 bank accounts in the past 12 months as a result of winning judgments on cell phone bills for which debts have become due more than 2 years prior to the commencement of the suit.

17. 47 USC 415 (a) prescribes that an action by a cell phone provider…"for recovery of their lawful charges, or any part thereof, shall be begun, within two years from the time the cause of action accrues, and not after."

18. Under New York law defendants did not have authority to restrain plaintiff's bank accounts located outside of New York.

## VIOLATIONS ALLEGED

19. Defendants have violated § USC §1692; 15 USC §1692e: (2)(A) and (10) and USC § 1692f (1).

## FIRST CAUSE OF ACTION

20. Section 1692e provides that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Among the tactics specifically prohibited are:

> (2) The false representation of--
>
> > (A) the character, amount, or legal status of any debt; [and]
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt…

3

21. By freezing plaintiff's bank account located out of state defendants acted contrary to New York law and misrepresented their legal rights.

22. By suing on a time barred debt, defendants played upon and benefitted from the probability of creating a deception.

23. Defendants implicitly misrepresented to plaintiff the status of the debt, and thereby misled him as to the viability of legal action to collect.

## SECOND CAUSE OF ACTION

24. Section 1692f provides "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

25. Because the least sophisticated consumer would not be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits.

26. Therefore this is an unfair method to collect a debt.

27. By freezing an out of state bank account when they were not allowed to, defendants acted in an unconscionable way.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P 23(a) and 23 (b) (3).

29. The class consists of all individuals with a U.S. address (a) who have had their out of state bank account frozen and/or (b) had their bank account frozen as a result of being sued on a cell phone debt that was time-barred, on or after a date one year prior to the filing of this action.

30. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

31. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants' action violates the FDCPA.

32. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

33. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

34. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7, and Fed.R.Civ.P.38.

## PRAYER FOR RELIEF

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1) Statutory damages against each defendant;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

Dated: New York, New York
   March 4, 2010

By: _____
Shimshon Wexler (SW-0770)
Charles A. Crum (CC-9919)
Howard L. Wexler (HLW-3769)
 Herzfeld & Rubin, PC
 Attorney for Plaintiff
 125 Broad Street
 New York, New York 10004
 (212) 471-8500