UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DAVID CALTON individually and on behalf
of all others similarly situated,

                       Plaintiff,

        -against-

PRESSLER & PRESSLER, LLP,
PALISADES COLLECTION, LLC,
and JP MORGAN CHASE & CO.

                       Defendants.
---------------------------------------------------------------X

Docket No.: 10-CV-2117
(LMM) (DCF)

**AMENDED COMPLAINT-
CLASS ACTION**



Plaintiff, by his attorneys, Herzfeld & Rubin, P.C., for his complaint against defendants herein, alleges upon information and belief as follows:

## INTRODUCTION

1.     Plaintiff brings this action to secure redress from unlawful debt collection practices engaged in by defendants Pressler & Pressler, LLP ("Pressler") and Palisades Collection, LLC ("Palisades"), in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and New York Civil Practice Law and Rules ("CPLR") § 5222. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. The FDCPA is a strict liability statute and holds debt collectors liable even for unintentional violations. Plaintiff also brings this action against JP Morgan Chase & Co ("JPM") because it violated New York laws regarding restraining notices served upon it.

2. The claims against Pressler and Palisades are based upon their abuse of the restraining order device specified in § 5222 of the CPLR as a mechanism for the enforcement of money judgments.

3. JPM (a) wrongfully charged a fee to plaintiff in connection with an unlawful restraining notice in violation of New York Law, (b) failed to comply with such law insofar as it limits the amount of funds that a bank can restrain pursuant to a restraining notice and (c) unlawfully restrained bank accounts in states other than New York.

4. Plaintiff also charges defendants with violating New York's General Business Law § 349, New York's consumer protection statute.

## JURISDICTION AND VENUE

5. This action is brought as a class action on behalf of plaintiff and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. §1331, §1337 and 1367.

7. Venue and personal jurisdiction in this District are proper because:

   a. Pressler acting in concert with Palisades filed a lawsuit within this District in order to collect the debt that gives rise to this action;

   b. Defendants do business within this District.

## PARTIES

8. Plaintiff, David Calton, is an individual who resides at 27233 Nantucket Drive, Southfield, Michigan 48076.

2

9. Defendant Palisades is a limited liability corporation chartered under Delaware law.

10. Defendant Pressler is a foreign registered Limited Liability Partnership with an address of 16 Wing Drive, Cedar Knolls, New Jersey 07927.

11. Pressler and Palisades are each engaged in the business of collecting debts allegedly owed to others, and are both debt collectors as defined in the FDCPA.

12. Defendant JPM is a corporation and/or banking entity chartered under Delaware law.

## FACTS

13. On or about February 18, 2010 plaintiff's Michigan and New York bank accounts were restrained as a result of defendants Pressler and Palisades acting in concert, serving JPM with a restraining notice, purportedly pursuant to § 5222 of the CPLR.

14. The alleged debt upon which collection was sought was a debt incurred for personal, family or household purposes, namely a cell phone bill emanating from personal calls.

15. The restraining notice was served in connection with efforts to enforce a purported default judgment obtained against plaintiff in the Civil Court of the City of New York, New York County, index number 48954-05, in an action brought by Palisades acting in concert with Pressler.

16. JPM restrained funds in two of plaintiff's accounts opened at a JPM branch in New York, in the amounts of $303.85 and $73.34.

17. JPM also restrained two additional accounts of plaintiff at a JPM branch in Michigan in the amounts of $1,541.43 and $91.46.

18. JPM notified plaintiff that all of the funds in all of plaintiff's accounts, no matter where situated, had been restrained.

19. JPM charged plaintiff a fee based on JPM's receipt of the restraining notice and the action taken upon such receipt.

20. Plaintiff was further damaged as a result of payments made as a result of the collection efforts.

## FIRST CAUSE OF ACTION
### (AGAINST PRESSLER AND PALISADES)

21. Repeats the allegations of paragraphs 1 through 20 above as if set forth at length herein.

22. CPLR § 5222 provides that a restraining notice served on a bank shall only apply to amounts of $1740 and above and shall be void with respect to an account holding 90% or less of $1740 (the "legal threshold").

23. Under New York law, a restraining notice cannot be effective with respect to bank accounts located outside New York.

24. The service by Pressler and Palisades upon JPM of a restraining notice which had the effect of restraining funds in plaintiff's Michigan bank accounts, contrary to New York law, constituted a deceptive means of attempting to collect the debt allegedly owed by plaintiff in violation of 15 USC 1692e which states that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. The service by Pressler and Palisades of a restraining notice which had the effect of restraining sums in plaintiff's accounts below the legal threshold constituted a deceptive means of attempting to collect the debt allegedly owed by plaintiff.

26. Pressler and Palisades could have and should have notified JPM of the monetary and geographic limits imposed under New York law regarding its issuance of restraining notices.

27. The efforts were also deceptive and misleading because Pressler and/or Palisades knew, or should have known, that its failure to disclose and notify JPM and debtors of the limits of New York law regarding restraining notices would cause persons, including David Calton, to have monies wrongfully restrained.

## SECOND CAUSE OF ACTION
(AGAINST PRESSLER AND PALISADES)

28. Repeats the allegations of paragraphs 1 through 27 above as if set forth at length herein.

29. 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

30. The service by Pressler and Palisades upon JPM of a restraining notice which had the effect of restraining funds in plaintiff's Michigan bank accounts, contrary to New York law, constituted an unfair and unconscionable means of attempting to collect the debt allegedly owed by plaintiff.

31. The service by Pressler and Palisades of a restraining notice which had the effect of restraining sums in plaintiff's accounts below the legal threshold of

$1740 constituted an unfair and unconscionable means of attempting to collect the debt allegedly owed by plaintiff.

### THIRD CAUSE OF ACTION
(AGAINST JPM)

32. Repeats the allegations of paragraphs 1 through 20 above as if set forth at length herein.

33. CPLR § 5222(j) provides that "in the event that a banking institution served with a restraining notice cannot lawfully restrain a judgment debtor's banking institution account ... the banking institution shall charge no fee to the judgment debtor regardless of any terms of agreement, or schedule of fees, or other contract between the judgment debtor and the banking institution."

34. JPM nevertheless charged plaintiff a $125 fee as a result of the restraint, in violation of law.

35. The restraints placed by JPM on plaintiff's bank accounts were unlawful because two of the accounts were located in Michigan, and because CPLR §5222(i) prohibits a bank from restraining balances below the legal threshold.

36. As a result of this conduct, plaintiff was injured in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
(AGAINST ALL DEFENDANTS)

37. Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 above as if set forth at length herein.

38. New York General Business Law §349 provides that deceptive acts or practices in the conduct of business are unlawful.

39. The attempted collection of plaintiff's debt by Pressler acting in concert with Palisades, the fee charged by JPM, and JPM's restraint of funds above the legal threshold and funds in bank accounts outside of New York were all wrongful and deceptive.

40. The conduct of each of the defendants constituted a deceptive act and practice.

## CLASS ALLEGATIONS

41. Plaintiff brings this action on behalf of the four classes identified below, pursuant to Fed.R.Civ.P 23(a) and 23 (b) (3).

42. As against Pressler and Palisades, a class which consists of all individuals with a New York judgment issued against them who have had their out-of-state bank accounts restrained by Pressler and/or Palisades through service of a restraining notice issued pursuant to CPLR 5222 within the time permitted by the relevant statute of limitations.

43. As against Pressler and Palisades, a class which consists of all individuals with a New York judgment issued against them who have had money in their bank account in excess of the amount permitted by CPLR 5222(i) restrained through service of a restraining notice issued pursuant to CPLR 5222 by Pressler and/or Palisades since January 1st 2009 and within the relevant limitations period.

44. As against JPM, a class which consists of all individuals who have had their bank account unlawfully restrained through service of a restraining notice on JPM pursuant to CPLR 5222 and were nevertheless charged a fee by JPM during the period since January 1, 2009.

45. As against JPM, a class which consists of all individuals who have had their bank accounts restrained by JPM through service of a restraining notice on JPM pursuant to CPLR 5222 (a) by which funds in a bank account located in a state outside of New York were restrained, or (b) by which funds in a bank account with a balance below the legal threshold were restrained, within the relevant limitations period.

46. Each of the foregoing classes are so numerous that joinder of all members is not practicable. On information and belief, there are at least several hundred members of each class.

47. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.

48. The predominant common question as to each defendant is whether its actions as set forth herein violated the relevant CPLR provisions and, as to Pressler and/or Palisades, whether they violated the FDCPA.

49. The predominant common questions as to defendant JPM are whether it acted contrary to New York law by restraining bank accounts located out of New York State, and in which funds in amounts under the legal threshold were maintained.

50. Plaintiff's claim is typical of the claims of the class members. All are based on similar factual and legal theories.

51. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer related litigation.

8

52. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7, and Fed.R.Civ.P.38.

## PRAYER FOR RELIEF

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages against Pressler and Palisades;

(2) Actual damages against each defendant jointly and severally;

(3) Punitive damages against each defendant;

(4) Attorney's fees, litigation expenses and costs of suit; and

(5) Such other and further relief as the Court deems proper.

Dated: New York, New York  
April 2, 2010

By: _____  
Howard L. Wexler (HLW-3769)  
Charles A. Crum (CC-9919)  
Shimshon Wexler (SW-0770)  
HERZFELD & RUBIN, P.C.  
Attorneys for Plaintiff  
125 Broad Street  
New York, New York 10004  
(212) 471-8500