```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

DAVID CALTON, on behalf of       :
himself and all others
similarly situated,              :

                   Plaintiff,    :
                                      10 Civ. 2117 (LMM)
          -v-                    :

PRESSLER & PRESSLER,LLP;         :    MEMORANDUM AND ORDER
PALISADES COLLECTION, LLC; and
JP MORGAN CHASE & CO.,           :

                   Defendants.   :
- - - - - - - - - - - - - - - - X
```

McKENNA, D.J.

David Calton ("Calton") brought this action against Pressler & Pressler, LLP ("Pressler"), Palisades Collection, LLC ("Palisades"), and JP Morgan Chase & Co., ("Chase") (collectively "Defendants") alleging violations of the Fair Debt Collection and Practices Act ("FDCPA"), New York CPLR § 5222(j), and New York General Business Law § 349. Defendants move to dismiss Calton's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure, or in the alternative pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the foregoing reasons Defendants' motions to dismiss pursuant to Rule 12(b)(6) are GRANTED.

**BACKGROUND**

On or about February 4, 2010, Pressler, a law firm, on behalf of its client, Palisades, a debt collection agency, served Chase with a restraining notice to enforce a default judgment obtained against Calton in Palisades Collection LLC v. Calton, New York City Civil Court, index number 48954-05 (the "Restraining Notice"). (See Compl. ¶¶ 11, 13, 15; Decl. of Sheri Lambert in Supp. of Chase's Mot. to Dismiss ("Lambert Decl.") Ex. E ("Restraining Notice").) Calton does not dispute the validity of the New York Civil Court Judgment.

On or about February 11, 2010, Chase notified Calton that it had placed a hold on his accounts, including two accounts that he had opened at a Chase branch in New York (containing $303.85 and $73.34) and two accounts that he had opened at a Chase branch in Michigan (containing $1,541.43 and $91.46). (See Compl. ¶¶ 16-18; Decl. of David Calton in Supp. of Pl.'s Opp'n to Chase's Mot. to Dismiss Ex. A ("Chase Letter").) Chase charged Calton a Legal Processing fee of $125 for servicing the Restraining Notice. (See Compl. ¶ 19; Chase Letter.)

On February 19, 2010, Calton and the creditors instructed Chase to release $350 from Plaintiff's account to resolve the dispute. (See Chase's Mem. in Supp. of Its

Mot. to Dismiss ("Chase's Mem.") at 5; Lambert Decl. Ex. F.)

On March 10, 2010, Calton filed a complaint against Pressler and Palisades. On April 2, 2010, Calton amended his complaint adding new claims and naming Chase as a defendant.

Calton alleges that Pressler and Palisades (collectively, the "Creditor-Defendants") violated 15 U.S.C. §§ 1692e and 1692f because they failed to inform Chase of certain monetary and geographic restrictions imposed under New York law regarding the issuance of restraining notices and as a result, Chase unlawfully restrained Calton's accounts. (See Compl. ¶¶ 21-31.) Calton also alleges that Chase violated New York CPLR § 5222(j) when it charged Calton a legal processing fee in connection with servicing an unlawful restraint. (Compl. ¶¶ 32-36.) Finally, Calton alleges that Defendants' conduct violated New York General Business Law § 349. (Compl. ¶¶ 37-40.)

On April 22, 2010, Palisades moved to dismiss Calton's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Pressler joined this motion.

On June 4, 2010, Chase moved to dismiss Calton's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, or alternatively, for summary judgment pursuant to Rule 12(d) and Rule 56 of the Federal Rules of Civil Procedure.

## DISCUSSION

### A. Motion to Dismiss Standard

When deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, "the Court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor." In re Parmalat Sec. Litig., 501 F. Supp. 2d 560, 572 (S.D.N.Y. 2007) (citing Levy v. Southbrook Int'l Invs., Ltd., 263 F.3d 10, 14 (2d Cir. 2001)).

To survive a 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [the] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Comm'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[O]nce the claim has been adequately stated it may be supported by showing any set of facts consistent

with the allegations in the complaint." Id. (citing Twombly, 550 U.S. at 562). Thus, "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the" plaintiff's allegations then the complaint should be dismissed. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002)(internal quotation marks and citations omitted).

### B. Calton's FDCPA Claims (Counts I and II)

In Counts I and II, Calton alleges that Creditor-Defendants should have informed Chase that: 1) under New York state law Chase could not lawfully restrain Calton's out-of-state accounts and (2) under New York CPLR § 5222(i) Chase could not lawfully restrain any of Calton's accounts because each account contained less than the statutory threshold. (See Pl.'s Opp'n to Palisade's Mot. to Dismiss at 3.) Calton alleges that as a result of these omissions, Creditor-Defendants inadvertently advised Chase to unlawfully restrain Calton's accounts and that this inadvertent advice constituted "false, deceptive, or misleading representations or means in connection with the collection of any debt" and "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. §§ 1692e and 1692f, respectively. (See Compl. ¶¶ 21-31; Pl.'s Opp'n to Palisade's Mot. to Dismiss at 9.)

Calton's FDCPA claims thus hinge on the premise that under New York law, Chase could not lawfully restrain Calton's out-of-state accounts and the premise that under New York CPLR § 5222(i), Chase could not lawfully restrain Calton's accounts because the balance in his accounts was below the statutory threshold. Calton's understanding of New York law, however, is misguided for the reasons discussed below.

### 1. Restraint of Out-of-State Accounts

In Koehler v. Bank of Bermuda, Ltd., 12 N.Y. 3d 533 (N.Y. 2009), the New York Court of Appeals held that New York CPLR Article 52 post-judgment enforcement mechanisms can have extra-territorial reach. Id. at 541. Specifically, the court held that "a court sitting in New York that has personal jurisdiction over a garnishee bank can order the bank to produce [property] located outside New York, pursuant to CPLR 5225(b)." Id. Thus, under the Court of Appeal's holding in Koehler, where a bank does business in New York and therefore is subject to the jurisdiction of New York courts, it is "permissible for [a judgment creditor and a judgment creditor's bank] to issue and honor [a] restraining notice served pursuant to New York CPLR Section 5222." McCarthy v. Wachovia Bank, N.A., 759 F. Supp. 2d 265, 274-75 (E.D.N.Y. 2011)(dismissing

6

plaintiff's due process claim because it was based on the inaccurate assertion that a restraint on out-of-state property was impermissible under CPLR § 5222).[1]

Here, Chase does business in New York and in fact, Calton opened two of his accounts at Chase's New York branches. (See Compl. ¶ 16.) Accordingly, Chase is subject to the jurisdiction of New York Courts and Chase could lawfully restrain Calton's out-of-state accounts under New York law.

### 2. New York CPLR § 5222(i)

Next, Calton's assertion that Chase could not lawfully restrain his accounts under New York CPLR § 5222(i) is similarly unpersuasive.

New York CPLR § 5222(i) provides that a restraining notice "shall not apply to an amount equal to or less than [$1,740 (which is equal to 240 times the greater of the applicable state or federal minimum wage)]." N.Y. CPLR 5222(i). If "an account contains an amount equal to or

---

[1] The cases cited by Calton to argue that a restraining notice cannot be used to restrain property outside of New York are inapposite. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Adv. Employment Concepts, Inc., 703 N.Y.S.2d 3 (N.Y. App. Div. 1st Dep't 2000), was decided before the Court of Appeal's ruling in Koehler and John Wiley & Sons, Inc. v. Kirstaeng, 2009 WL 3003242 (S.D.N.Y. Sept. 15, 2009), involved a pre-judgment attachment under New York CPLR Article 62, which is governed by different legal principles than those that apply to Article 52 post-judgment enforcement mechanisms. See McCarthy, 759 F. Supp. 2d at 275 ("[i]n issuing its decision [in Koehler], the Court of Appeals went to great lengths to differentiate pre-judgment attachment, which is governed by CPLR article 62, from post-judgment enforcement"(citing Koehler, at 12 N.Y. 537)).

7

less than ninety percent of [$1,740], the account shall not be restrained and the restraining notice shall be deemed void, except as to those funds that a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents." Id. This provision, effective January 1, 2009, and other similar provisions were added to New York CPLR Article 52 to ensure that "a certain threshold of funds [was] available to meet the account holder's basic living expenses." Chase Bank USA, N.A. v. Greene, 901 N.Y.S.2d 898 (N.Y. Civ. Ct., Queens County, Jul. 21, 2009); see also Portfolio Recovery Assocs., LLC v. Calderia, 881 N.Y.S.2d 870, 874 (N.Y. Sup. Ct., Nassau County, June 3, 2009).

Calton does not dispute that the balance in his Chase accounts is $2,010.08, which is above the statutory threshold of $1,740. Calton instead argues that section 5222(i) should be applied separately to each of his four Chase accounts. (See Pl.'s Opp'n to Chase's Mot. to Dismiss at 4-6.) Therefore, Calton argues, even though the total balance of Calton's Chase accounts was $2,010.08, Chase could not lawfully restrain any of his accounts because each account contained less than the statutory threshold. (Id.) Calton's proposed interpretation, however, finds no support in the statutory language or

8

stated legislative purpose of New York CPLR § 5222(i). In fact, Calton's proposed interpretation would to much more than ensure access to a minimum safety net by enabling a judgment debtor to elude Article 52's post-judgment enforcement mechanisms by simply maintaining multiple accounts with his bank, regardless of the aggregate balance.

Next, Calton argues that section 5222(i) requires that a bank served with a restraining notice leave $1,740 available to the judgment debtor regardless of the total amount in the judgment debtor's account. (See Pl.'s Opp'n to Chase's Mot. to Dismiss at 5-6.) Again, Calton points to no authority to support his proposed interpretation. New York CPLR § 5222(i) prohibits only the restraint of "an account [that] contains an amount equal to or less than ninety percent of [$1,740]." N.Y. CPLR § 5222(i). Here, Calton's Chase accounts had an total balance of $2,010.08, which was above the statutory threshold, and thus, Chase's restraint of Calton's accounts did not run contrary to New York CPLR § 5222(i).

Moreover, Creditor-Defendants fully apprised Chase of the applicable law in the Restraining Notice (see Restraining Notice (citing to New York CPLR § 5222(i))) and thus, any claim that Creditor-Defendants inadvertently

9

advised Chase to act in a way that violates New York CPLR § 5222(i) fails as a matter of law.[2]

Calton's FDCPA claims, therefore, are dismissed.

### C. Calton's State Law Claims (Counts III and IV)

Next, this court has discretion under 28 U.S.C. § 1367 to exercise its supplemental jurisdiction over Calton's remaining state law claims. See Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)("[T]he district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction.")  It is appropriate to exercise supplemental jurisdiction where, as here, the state law claims arise out of the same set of facts as the federal claims and like the federal claims, lack merit. Pu v. Charles H. Greenthal Mgmt. Corp., 2010 WL 774335, *5 (S.D.N.Y. Mar. 9, 2010)(exercising supplemental jurisdiction to "avoid further waste of judicial resources," the court dismisses

---

[2] Chase attached a copy of the Restraining Notice to its moving papers. This Court may consider the Restraining Notice in deciding this motion -- Calton had actual notice of the Restraining Notice, which was attached to the Chase Letter that notified Calton his accounts had been frozen (see Chase Letter at 1), Calton relied on the terms and effect of the Restraining Notice in framing his complaint, and further, Calton does not dispute the authenticity of the document. See Chambers v. Time Warner, Inc., 282 F3d 147, 153 (2d Cir. 2002)(holding that "where plaintiff has actual notice of all the information in [documents attached to the movant's papers] and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated" and the court may consider such documents).

10

plaintiff's state law claims, which were premised on allegations that the court had previously rejected in dismissing the plaintiff's federal claims).

In Count III, Calton alleges that Chase violated New York CPLR § 5222(j) by charging Calton a legal processing fee in connection with servicing the Restraining Notice. (See Compl. ¶¶ 28-31.)  New York CPLR § 5222(j) prohibits a banking institution from charging a fee if "a restraint is placed on judgment debtor's account in violation of any section of [CPLR Article 52]."  N.Y. CPLR § 5222(j).  For the reasons discussed above, the restraint of Calton's accounts was not in violation of any provision in CPLR Article 52, and thus, it was permissible for Chase to charge plaintiff a legal processing fee in connection with servicing the restraint.

In Count IV, Calton alleges Defendants' conduct in connection with the attempted collection of Calton's debt was wrongful and deceptive and thus, violated New York General Business Law § 349.  (See Compl. ¶¶ 37-40.)  To state a claim under New York General Business Law § 349, a plaintiff must allege that: (1) the defendant's act was misleading in a material way; (2) the act was directed at consumers; and (3) the plaintiff has been injured as a result of the deceptive act.  See Stutman v. Chemical Bank,

11

95 N.Y.2d 24, 29 (N.Y. 2000). For the reasons discussed above, Calton fails to allege any misleading or deceptive acts by any of the Defendants. Calton also fails to allege that the conduct was directed at anyone other than himself.

Calton's state law claims are therefore dismissed.

## CONCLUSION

For the above reasons, Defendants' motions to dismiss pursuant to Rule 12(b)(6) are GRANTED.

SO ORDERED.

Dated: August 2, 2011

_____
Lawrence M. McKenna
U.S.D.J.