IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DAVID CALTON, on behalf of himself and all
others similarly situated

                                                            Case No.: 10-cv-2117(LMM)(DCF)

        Plaintiff,

  v.

PRESSLER & PRESSLER, LLP,
PALISADES COLLECTION, LLC and
JP MORGAN CHASE & CO.

        Defendants.

-------------------------------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF RULE 59(e) MOTION FOR

RECONSIDERATION OF PART OF THE MEMORANDUM OPINION

I.   **PRELIMINARY STATEMENT**

On August 3, 2011, this Court issued a Memorandum and Order (the "Opinion") granting Defendants' motions to dismiss and dismissing all of Plaintiff's claims. The clerk entered judgment on August 4, 2011. Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3, for reconsideration of that portion of the Opinion that interprets § 5222(i) of the New York Civil Practice Law and Rules (CPLR). Specifically, the Court ruled that a bank served with a restraining notice need not leave $1,740 available to the judgment debtor if the account contains more than the threshold amount. This ruling directly conflicts with CPLR 5222(i), which states that a restraining notice "shall not apply to an amount equal to or less than" $1740. N.Y. CPLR § 5222(i). Because the Opinion misinterprets New York law in a manner that is detrimental to millions of New Yorkers who rely on this provision of the CPLR to protect their subsistence income, Plaintiff respectfully moves for reconsideration.

II.  **LEGAL STANDARD**

A motion for reconsideration is governed by Local Rule 6.3 and Federal Rule of Civil Procedure 59(e). Association for Retarded Citizens of Conn., Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995). A Rule 59(e) motion may be granted, among other reasons, "to correct manifest errors of law" or "if necessary to prevent manifest injustice." Feldman Law Group P.C. v. Liberty Mut. Ins. Co., 2011 U.S. Dist. LEXIS 88561 (S.D.N.Y. Aug. 10, 2011 ) (citing 11 Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2810.1 (2d ed.)).

III. **ARGUMENT**

The Opinion states: "Next, Calton argues that section 5222(i) requires that a bank served with a restraining notice leave $1,740 available to the judgment debtor

regardless of the total amount in the judgment debtor's account. Again, Calton points to no authority to support his proposed interpretation." The Court appears to have held that CPLR 5222(i) does <u>not</u> require a bank to leave $1,740 available to the judgment debtor in all circumstances.

This holding directly conflicts with CPLR 5222(i), which states: "Effect of restraint on judgment debtor's banking institution account. *A restraining notice issued pursuant to this section shall not apply* to an amount equal to or less than [$1,740] except such part thereof as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents." N.Y. CPLR § 5222(i) (emphasis added). In other words, CPLR 5222(i) clearly states that $1,740 is exempt from restraint, no matter the balance of the account, unless a court determines otherwise. See <u>Chase Bank v. Greene</u>, 24 Misc. 3d 1233A, 901 N.Y.S.2d 898 (Civ. Ct. Queens County 2009) (holding that exemption applies to the first $1,740 "in all bank accounts").

This interpretation is consistent with the legislative history of the statute, which states that the purpose of the provision is to "make clear that an amount equal to two hundred and forty times the minimum wage . . . cannot be restrained except such part that a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents." New York State Assembly Memorandum in Support of Legislation at 1 (attached at Exhibit A). The legislature intended to protect "a baseline amount of every person's earnings" in order "[t]o ensure that money judgments do not render working New Yorkers unable to care for their or their families' most basic needs. *Id.* at 3.

Furthermore, in this case, the parties agreed that CPLR § 5222(i) protects a

baseline amount of $1,740 in every account, though they disagreed as to whether that amount was, in fact, made available to Plaintiff. See Amended Complaint ¶¶ 18, 22; Memorandum of Law in Support of Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss the Amended Complaint at 15-16; Reply Memorandum of Law in Further Support of Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss the Amended Complaint at 1-3, 5, 7 (stating that Chase only restrained amount in excess of $1,740). Therefore, there was no reason for the Court to reach the issue of whether the $1,740 exemption applies to all accounts.

New Yorkers will be severely harmed if banks and judgment creditors rely on the Opinion to assert that the $1,740 exemption does not apply if an account contains, say, $1,741. As a result, creditors will once again be able to attach exempt funds, and working New Yorkers will be deprived of the "safety-net income" necessary to "maintain the resources for food, rent, medicine, and other basic necessities." Assembly Memorandum at 3. As manifest injustice could result from this Court's ruling, this Court should grant reconsideration. On reconsideration, this Court should delete that portion of the Opinion stating that a bank served with a restraining notice need not leave $1,740 available to the judgment debtor regardless of the total amount in the judgment debtor's account. The Court could then dismiss the state law claims for lack of subject matter jurisdiction, as Plaintiff does not contest the dismissal of his Federal claims.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for reconsideration of Plaintiff's CPLR § 5222(i) claim, withdraw that portion of the Opinion interpreting CPLR § 5222(i), and dismiss Plaintiff's CPLR §

5222(i) and GBL § 349 claims without prejudice for lack of jurisdiction.


Dated: August 18, 2011
      New York, New York

                      The Law Offices of Shimshon Wexler, PC

                      By: _____
                      Shimshon Wexler
                      2710 Broadway, 2nd Floor
                      New York, NY 10025
                      (212) 760-2400
                      swexleresq@gmail.com
                      *Attorney for plaintiff*