**MEMO ENDORSED**

RECEIVED IN CHAMBERS
AUG 24 2011
LAW... A. McKENNA
SDNY



**MFY LEGAL SERVICES INCORPORATED**

299 Broadway
New York, NY 10007
Phone 212-417-3700
Fax 212-417-3891
www.mfy.org

Thomas E. Dunn
Board Chair

Jeanette Zelhof
Interim Executive Director

Elise Brown
Carolyn E. Coffey
Ramonita Cordero
Sara J. Fulton
Kenneth Lau
Christopher Schwartz
Supervising Attorneys

BY HAND DELIVERY
AND FIRST-CLASS MAIL

August 18, 2011

Honorable Lawrence M. McKenna
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 15D
New York, NY 10007-1312

Re:   *Calton v. Pressler & Pressler, et al.*, 10 Civ. 2117 (LMM)

Dear Judge McKenna,

We write on behalf of several legal services and advocacy organizations seeking permission to file a motion for leave to file a joint *amicus curiae* brief in support of Plaintiff's motion for reconsideration of the Court's August 3, 2011 Opinion (judgment entered on August 4, 2011) in the above-captioned case. We support Plaintiff's contention that the Court's finding that restraining notices issued pursuant to CPLR § 5222(i) do not apply to bank accounts containing funds above the statutorily exempt amount was made in error. All of our offices supported the New York State Legislature's passage of the Exempt Income Protection Act (EIPA) in 2008, which modified Article 52 of the CPLR, and we are concerned about the effect the Court's Opinion will have on our clients and the many New York residents that EIPA was intended to protect.

A district court has broad discretion to grant or deny an application to file an *amicus curiae* brief. *See Esther Sadowsky Testamentary Trust Derivatively ex rel. Home Loan Mortg. Corp. v. Syron*, 2009 WL 1285982, *3 (S.D.N.Y. 2009) (citing *United States v. Ahmed*, 788 F.Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992)). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Id.* Courts generally will allow *amicus curiae* briefing if the *amicus curiae* "offer insights not available from the parties, thereby aiding the Court." *Andersen v. Leavitt*, 2007 WL 2343672, *1 -2 (E.D.N.Y. Aug. 13, 2007) (internal quotations and citations omitted). In particular, an *amicus* brief should be allowed when "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.)). "Participation as *amicus curiae* . . . is appropriate when the party cares only about the legal principles of the case, and has no personal, legally protectable interest in the outcome of the litigation." *Russell v. Board of*

[Handwritten memo endorsement in left margin:] Denied. The Court has filed an extended decision + Plaintiff's motion for reconsideration has been denied. Mod. So ordered. [signature] (LMM) 8/24/11

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-25-11

1

# MEMO ENDORSED

RECEIVED IN CHAMBERS

AUG 24 2011

LAW          A. McKENNA
                SDNY




**MFY LEGAL SERVICES INCORPORATED**

299 Broadway
New York, NY 10007
Phone 212-417-3700
Fax 212-417-3891
www.mfy.org

Thomas E. Dunn
Board Chair

Jeanette Zelhof
Interim Executive Director

Elise Brown
Carolyn E. Coffey
Ramonita Cordero
Sara J. Fulton
Kenneth Lau
Christopher Schwartz
Supervising Attorneys

BY HAND DELIVERY
AND FIRST-CLASS MAIL

August 18, 2011

Honorable Lawrence M. McKenna
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 15D
New York, NY 10007-1312

Re:   *Calton v. Pressler & Pressler, et al.*, 10 Civ. 2117 (LMM)

Dear Judge McKenna,

We write on behalf of several legal services and advocacy organizations seeking permission to file a motion for leave to file a joint *amicus curiae* brief in support of Plaintiff's motion for reconsideration of the Court's August 3, 2011 Opinion (judgment entered on August 4, 2011) in the above-captioned case. We support Plaintiff's contention that the Court's finding that restraining notices issued pursuant to CPLR § 5222(i) do not apply to bank accounts containing funds above the statutorily exempt amount was made in error. All of our offices supported the New York State Legislature's passage of the Exempt Income Protection Act (EIPA) in 2008, which modified Article 52 of the CPLR, and we are concerned about the effect the Court's Opinion will have on our clients and the many New York residents that EIPA was intended to protect.

A district court has broad discretion to grant or deny an application to file an *amicus curiae* brief. *See Esther Sadowsky Testamentary Trust Derivatively ex rel. Home Loan Mortg. Corp. v. Syron*, 2009 WL 1285982, *3 (S.D.N.Y. 2009) (citing *United States v. Ahmed*, 788 F.Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992)). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Id.* Courts generally will allow *amicus curiae* briefing if the *amicus curiae* "offer insights not available from the parties, thereby aiding the Court." *Andersen v. Leavitt*, 2007 WL 2343672, *1-2 (E.D.N.Y. Aug. 13, 2007) (internal quotations and citations omitted). In particular, an *amicus* brief should be allowed when "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.)). "Participation as *amicus curiae* . . . is appropriate when the party cares only about the legal principles of the case, and has no personal, legally protectable interest in the outcome of the litigation." *Russell v. Board of*

*[Handwritten margin note:]* Denied. The Court has ruled on Plaintiff's motion for reconsideration [illegible] has been denied. So ordered. [signature] (LMM) 8/24/11

1

515

*Plumbing Examiners of County of Westchester*, 74 F.Supp.2d 349, 351 (S.D.N.Y. 1999) (quoting Moore's Federal Practice Digest 3d § 24.23 [2]).

Because *Amici* advise and represent individuals sued by debt collectors, we are in a unique position to give a voice to those individuals who will be directly impacted by the Court's decision, and to assist the Court by offering insight on a case that affects the general public. Our organizations were instrumental in ensuring the passage of EIPA in 2008, which the Legislature recognized was necessary to protect a threshold amount of every person's income in order "[t]o ensure that money judgments do not render working New Yorkers unable to care for their or their families' most basic needs." New York State Assembly Memorandum in Support of Legislation at 3. We provide advice and representation to thousands of people who are sued in New York courts by debt collection companies, and whose bank accounts are subject to restraining notices. Before the passage of EIPA, creditors could freeze New Yorkers' bank accounts regardless of their contents because CPLR § 5222 did not make any allowance for exempt funds and, instead, required banks to restrain accounts or risk being held in contempt of court. These bank restraints had devastating effects, leaving people without money for food and rent and placing them at risk of hunger and homelessness. Since EIPA was implemented, our offices have seen the numbers of people denied access to their exempt funds as a result of frozen bank accounts dwindle substantially.

*Amici* seek only to address a narrow legal principle contained in the Court's ruling and we have no personal interest in the overall outcome of the Parties' litigation. The only portion of the Court's August 3, 2011 Opinion that we wish to address is the Court's erroneous finding that accounts containing over $1,740 are not subject to EIPA's protections, as the Court stated below:

> Calton argues that section 5222(i) requires that a bank served with a restraining notice leave $1,740 available to the judgment debtor regardless of the total amount in the judgment debtor's account. (*See* Pl.'s Opp'n to Chase's Mot. to Dismiss at 5–6.) Again, Calton points to no authority to support his proposed interpretation. New York CPLR § 5222(i) prohibits only the restraint of 'an account [that] contains an amount equal to or less than ninety percent of [$1,740].' N.Y. CPLR § 5222(i). Here, Calton's Chase accounts had an total balance of $2,010.08, which was above the statutory threshold, and thus, Chase's restraint of Calton's accounts did not run contrary to New York CPLR § 5222(i).

*Calton v. Pressler & Pressler, LLP*, et al., 2011 WL 3423971, *4 (S.D.N.Y. Aug. 3, 2011) (emphasis added). We would not address other conclusions drawn in the Opinion in an *amicus curiae* brief.

Should the Court grant *Amici's* request for leave to file an *amicus curiae* brief, we would include the following points in support of Plaintiff's motion for reconsideration: As a preliminary matter, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Linden v. District Council 1707-AFSCME*, 415 Fed. Appx. 337, 338-339, 2011 WL 1054031, *1 (2d Cir. 2011) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "To prevail on a motion for

2

reconsideration, the movant must demonstrate . . . the need to correct a clear error or prevent manifest injustice." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.,* 154 F.Supp.2d 696, 701 (S.D.N.Y. 2001) (quoting *Doe v. NYC Dep't of Soc. Servs.,* 709 F.2d 782, 789 (2d Cir. 1983)) (internal quotations omitted).

*Amici* believe that in holding that a bank served with a restraining notice is not required to "leave $1,740 available to the judgment debtor regardless of the total amount in the judgment debtor's account," *Calton* at *4, this Court overlooked the language of § 5222(i). A plain reading of the statute reveals that the $1,740 exemption applies regardless of the amount of money in the account. CPLR § 5222(i) states in part: "A restraining notice issued pursuant to this section shall not apply to an amount equal to or less than [$1740] . . . except such part thereof as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents." *Amici* believe that if the Court were to reconsider the statute, it would likely alter its initial conclusion regarding the application of CPLR § 5222(i) to bank accounts.

In reaching its conclusion regarding CPLR § 5222(i), *Amici* believe the Court also overlooked the purpose of the statute. EIPA was originally drafted in response to the experiences of low-income and working New Yorkers--our clients--whose legally exempt income (including Social Security, disability, pensions, public assistance, unemployment insurance, Veteran's benefits and 90 percent of wages earned in the past 60 days) were frozen regularly, in epic numbers, causing individuals to lose access to funds they needed to pay for basic necessities. In its Opinion, the Court recognized that the purpose of amending Article 52 of the CPLR was "to ensure that 'a certain threshold of funds [was] available to meet the account holder's basic living expenses.'" *Calton* at *3 (quoting *Chase Bank USA, N.A. v. Greene,* 901 N.Y.S.2d 898 (Civ. Ct. Queens Cty 2009)). However, the Court overlooked this purpose later in its Opinion when it found that restraining accounts with a balance above the exempt income amount was proper.

Tellingly, there is no precedent for finding that simply because an account contains more than $1,740, the exemption does not apply. In fact, the cases cited by the Court in its Opinion about section 5222 actually support the Plaintiff and Amici's position. *See Chase Bank USA, N.A. v. Greene,* 901 N.Y.S.2d 898, 2009 WL 2432347, at *1 (Civ. Ct. Queens Cty 2009) ("The Act adds self effectuating exemptions by requiring a banking institution receiving a restraining notice to keep a certain threshold of funds available to meet the account holder's basic living expenses. This includes the first $1,716.00 in all bank accounts . . ."); and *Portfolio Recovery Assocs., LLC v. Calderia,* 881 N.Y.S.2d 870, 874 (Sup. Ct., Nassau Cty 2009) ("The amendments to CPLR Article 52 were enacted to provide addition[al] protection to judgment debtors. These amendments are designed to ensure that a judgment creditor cannot restrain or levy upon all the . . . judgment debtor['s] last dime. These statutes provide a judgment debtor with a minimal safety net." (internal quotations and citations omitted)). Finally, in *Amici's* collective experience, we have never come across a bank or a creditor who has argued that if an account contains over the threshold amount, then the statute allows the restraint of the entire bank account.[1]

---

[1] Not only did Defendant JPMorgan Chase not argue this point in its motion papers, it said repeatedly that the law requires it to restrain only amounts over the protected amount. *See* Memorandum of Law in Support of Defendant JPMorgan Chase Bank N.A.'s Motion to Dismiss the Amended Complaint at 2, 8, 14, 16 and Reply Memorandum of Law in Further Support of Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss the Amended Complaint at 2, 3.

3

If the Court does not reconsider this portion of its Opinion and if the Opinion is followed, it will undermine the purpose of EIPA and cause "manifest injustice" by providing a legal argument to creditors seeking to ignore EIPA's protections and improperly restrain income that is exempt from collection. The effect of the Opinion will hinder New Yorkers' ability to cover basic necessities and negatively impact the very people the law was intended to protect.

We respectfully request an opportunity to file a motion for leave to file an *amicus curiae* in support of Plaintiff's motion to reconsider and overturn the portion of Your Honor's Opinion pertaining to the applicability of CPLR § 5222(i) to bank accounts that contain funds over the protected amount.

Should you have any questions, please feel free to contact us. Thank you.

Sincerely,

*Carolyn E C*

Carolyn E. Coffey
Supervising Attorney
212-417-3701

Anamaria Segura
Senior Staff Attorney
212-417-3707

Claudia Wilner
Senior Staff Attorney
Neighborhood Economic Development Advocacy Project (NEDAP)
212-680-5100

Robert A. Martin
DC-37 Municipal Employees Legal Services
212-815-1810

April Newbauer
Attorney-in-Charge
Queens Civil Practice
The Legal Aid Society
718-286-2461

Gina M. Calabrese
Professor of Clinical Education
Elder Law Clinic
St. John's University School of Law
718-990-1848

cc: All counsel by first class mail